PATRICIA A. SCHOLZ, Appellant, v. COUNTY TRUST COMPANY, Respondent.

Second Department, March 18, 1974.

*Present & Present* (*Sidney S. Rubin* of counsel), for appellant. *Richard C. Thompson* for respondent.

SHAPIRO, J. The Special Term denied the plaintiff's motion for summary judgment, without prejudice to renewal upon joinder of the administrator or executor of the estate of Michael De Leo. The motion should have been granted.

The plaintiff and the decedent Michael De Leo opened a savings account in the defendant bank. The signature card used to open the account stated that it was a " JOINT SAVINGS ACCOUNT ", " PAYABLE TO EITHER OR THE SURVIVOR ", and bore a rubber stamp with the words " TWO SIGNATURES REQUIRED ".

After De Leo's death, the plaintiff presented the bank book to the defendant and sought to withdraw the money on deposit in the account. The defendant refused payment on the ground that two signatures were required for a withdrawal and that, since De Leo was deceased, the withdrawal could only be effected by the plaintiff if the withdrawal slip were signed by her and a representative of De Leo's estate.

It seems clear to me, however, that two signatures were necessary for withdrawal while both named depositors were alive, but that on the death of one of the depositors only the signature of the survivor was required. In opening the account the bank agreed that the moneys on deposit were " payable to either or the survivor ". Hence, after De Leo's death his estate could have no interest in the account and the Special Term, instead of denying the plaintiff's motion for summary judgment, without prejudice to renew upon bringing in the representative of his estate, should have granted it.

The order should therefore be reversed, on the law, with $20 costs and disbursements, and the motion granted. The order to be made hereon, on five days' notice of settlement, shall provide for the payment by the bank to the plaintiff of the money on deposit, with accrued interest, upon the presentation of a withdrawal slip signed by her, together with the deposit book and a certified copy of De Leo's death certificate and a tax waiver, if required.

CHRIST and MUNDER, JJ., concur; MARTUSCELLO, Acting P. J., and BENJAMIN, J., dissent and vote to affirm.

Order reversed, on the law, with $20 costs and disbursements, and motion granted. Settle order on five days' notice, which order shall provide for payment by defendant to plaintiff of the money on deposit, with accrued interest, upon the presentation of a withdrawal slip signed by her, together with the deposit book and a certified copy of the death certificate of Michael De Leo and a tax waiver, if required.